**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

**GENICK BAR-MEIR, Dr.,**

Plaintiff,

v.

**GARY WALKER,**

Defendant.

Civil No. 01-1764 (PAM/JGL)

**ORDER**

APPEARANCES

Dr. Genick Bar-Meir, pro se

Debra J. Stanek, Esq., for Defendant Gary Walker

JONATHAN LEBEDOFF, United States Magistrate Judge

The above-entitled matter came on for hearing before the undersigned Magistrate Judge of District Court on March 12, 2002 on Plaintiff's Motion to Amend or Supplement the Complaint. The case has been referred to the undersigned for resolution of pretrial matters pursuant to 28 U.S.C. § 636 and D. Minn. LR 72.1.

As grounds for his motion, Dr. Bar-Meir asserts that he "inadvertently did not make crystal clear" in his complaint that two letters attached as exhibits to the complaint were defamatory. (Pl. Mem. at 5.)

FILED 3-13-02
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

However, the proposed amended complaint submitted to the Court contains approximately 100 additional factual allegations unrelated to the two letters. At the hearing, Dr. Bar-Meir explained that after receiving the answer to the complaint, he believed that his original complaint could have been better written, specifically because of Defendant Walker's contention that the complaint failed to state a claim on which relief may be granted.

Walker opposes Dr. Bar-Meir's motion, asserting that the defamation-related amendment is unnecessary given the parties' joint pretrial report to the Court, which characterizes the complaint as alleging that both of the attached letters are defamatory. Furthermore, Walker objects to the additional factual allegations because Dr. Bar-Meir does not even mention them, much less attempt to justify them, in his moving papers.

Federal Rule of Civil Procedure 15(a) governs a party's right to amend its pleadings, and leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Courts should usually grant such motions absent good reason for a denial "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." Foman v. Davis, 371 U.S. 178, 182 (1962); see also Thompson-El v. Jones, 876 F.2d 66, 67 (8th Cir. 1989).

Applying the above standard to the case at hand, the Court finds that Dr. Bar-Meir's motion should be denied. First, Dr. Bar-Meir gave no explanation for his failure to include the additional allegations in his first complaint; thus, there has been undue delay by Dr. Bar-Meir. Dr. Bar-Meir knew of the facts at the time he drafted the complaint and could have included them. Second, allowing the additional factual amendments would prejudice Walker in that many of the additions pertain to personal jurisdiction, which is the subject of a motion currently pending before the Honorable Paul A. Magnuson in this case. In addition, Walker would be required to respond to over 100 additional factual allegations, which is an excessive burden given that the allegations merely elaborate on the claims already asserted. Third, the Court finds that the amendments are unnecessary. Walker has already agreed that the existing complaint alleges that the attached letters are defamatory, and this Court likewise recognizes the same. As to the additional 100 factual allegations, as previously stated, they provide mere elaboration to the claims pled in the complaint, and such thorough factual development is more appropriate in later stages of the litigation. Furthermore, the Court will not condone the practice of slipping additional allegations into a proposed

amended complaint without providing notice to the opposing party and the Court in the moving papers.

Based upon all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiff's Motion to Amend or Supplement the Complaint (Doc. No. 18 ) is **DENIED**.

Dated: March 13, 2002

JONATHAN LEBEDOFF
United States Magistrate Judge