UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Dr. Genick Bar-Meir,

Plaintiff,

v.

Gary Walker,

Defendant.

Civ. File No. 01-1764 (PAM/JGL)

**MEMORANDUM AND ORDER**

---

This matter is before the Court on Plaintiff's pro se Motion to Assert Personal Jurisdiction over Defendant. Defendant asserted a lack of personal jurisdiction as an affirmative defense in his Answer to the Amended Complaint. Defendant did not challenge this Court's jurisdiction in a Motion to Dismiss, and informed Plaintiff that he did not intend to challenge jurisdiction. Plaintiff has pursued the issue, however, and Defendant now opposes Plaintiff's Motion, contending that the Court lacks jurisdiction over him.

**BACKGROUND**

Plaintiff Dr. Genick Bar-Meir is a researcher and educator in the field of die casting. Defendant Gary Walker is the former President and Chairman of the Board of Governors of the North American Die Casting Association ("NADCA"). Bar-Meir claims that two e-mails sent by Walker defamed him. Walker is a resident of Michigan, and Bar-Meir lives in Minnesota. One of the e-mails was from Walker in Michigan to Bar-Meir in Minnesota and was subsequently distributed to other individuals both in and outside of Minnesota. The

APR 26 2002

FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD APR 26 2002
DEPUTY CLERK

other e-mail was from Walker in Michigan to Terry Allen, at that time a member of NADCA's Board of Governors. Like Walker, Allen is also a resident of Michigan.

**DISCUSSION**

The plaintiff bears the burden of presenting a prima facie case that personal jurisdiction exists over the defendant. Acro Sys. Eng'g, Inc. v. Opron, Inc., 21 F. Supp. 2d 990, 995 (D. Minn. 1998) (Tunheim, J.). Where personal jurisdiction is challenged at the pretrial stage, as here, all evidence must be viewed in the light most favorable to the plaintiff and all factual disputes must be resolved in the plaintiff's favor. Id.

As an initial matter, it is clear that Walker does not have the type of "continuous and systematic" contacts with Minnesota that would support the exercise of jurisdiction over him for any purpose. Helicopteros Nacionales de Columbia, S.A. v. Hall, 466 U.S. 408, 416 (1984). Thus, the Court has jurisdiction over Walker only if his alleged activities in this case give rise to that jurisdiction. See Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472-73 (1985) (describing requirements for specific jurisdiction).

The general test for deciding whether a federal court may exercise personal jurisdiction over a civil defendant is well known. First, the court must determine whether the forum state's long-arm statute subjects the defendant to jurisdiction. Second, the exercise of jurisdiction must comport with the due process requirements of the Fifth Amendment. In this case, Walker asserts that Minnesota's long-arm statute prohibits the exercise of jurisdiction over him.

Under Minnesota law, personal jurisdiction over non-residents is appropriate when the non-resident either commits an act in Minnesota or commits an act outside Minnesota that causes injury in Minnesota. Minn. Stat. § 543.19, subd. 1(c) and (d). If the act committed outside Minnesota is alleged to constitute defamation or invasion of privacy, however, there is no jurisdiction over the non-resident. Id. subd. 1(d)(3). Thus, unless Walker's e-mail to Bar-Meir is an act in Minnesota, the Court does not have jurisdiction over him.

The Minnesota Supreme Court recently addressed a case that is very similar to the instant case. In Northwest Airlines, Inc. v. Friday, 617 N.W.2d 590 (Minn. 2000), the defendant sent an allegedly defamatory e-mail from her home in Washington to Minnesota. The e-mail was a press release that was subsequently published in Minnesota newspapers. Id. at 592. The court found that sending the e-mail was not an act in Minnesota for the purposes of Minnesota's long-arm statute. Id. at 594. Under the reasoning of Friday, it is apparent that the long-arm statute precludes the exercise of jurisdiction over Walker.

Bar-Meir cites to the Supreme Court's holding in Calder v. Jones, 465 U.S. 783 (1984), to support his argument that Walker is subject to the jurisdiction of this Court. In that case, two Florida reporters published a defamatory article about Shirley Jones in a newspaper of national circulation. Jones sued for defamation in California. The reporters argued that they were not subject to the jurisdiction of California courts. The Supreme Court disagreed, finding that jurisdiction lies when a person directs actions toward the forum or

intends that his actions cause harm in the forum. Id. at 789-90. According to Bar-Meir, Walker intended that people in Minnesota would read his e-mail and thus intended that his actions cause harm in Minnesota, and he should be subject to this Court's jurisdiction for those acts.

The so-called "effects test" of Calder v. Jones does not apply where, as here, there is a specific state statute that prohibits the exercise of jurisdiction in certain cases. In Calder, California did not have a statute that prohibited the exercise of jurisdiction over non-resident defendants in defamation cases where the defamatory communications originated outside of the state. Minnesota has such a statute, and that statute makes the holding of Calder inapposite to the instant case. The Court does not have jurisdiction over Walker for the purposes of Bar-Meir's defamation claim.

Bar-Meir's reply memorandum in support of his Motion also contends that jurisdiction lies for his claim for "infidelity." Thus, according to Bar-Meir, even if the Court does not have jurisdiction over Walker for the purposes of the defamation claim, the Court has jurisdiction over Walker for the purposes of this "infidelity" claim. This claim appears to be based on two paragraphs in the Amended Complaint that allege that, as the former president of NADCA, of which Bar-Meir was a member, Walker owed Bar-Meir a fiduciary duty, and that by sending the allegedly defamatory e-mails Walker negligently failed to fulfill that fiduciary duty. (Am. Comp. ¶¶ 79-80.) Bar-Meir cites the Court to no authority for the fiduciary duty that he seeks to enforce and the Court has found none. Although in some

circumstances officers of organizations whose membership is voluntary owe the membership various fiduciary duties, see 29 U.S.C. § 501(a) (imposing fiduciary duty on officers of labor organizations), there is no precedent for the proposition that a former officer of an organization such as NADCA owes a specific duty not to defame a member of that organization. This claim is specious, and, as Walker maintains, is merely an attempt to recast the defamation claim in order to avoid jurisdictional problems.

The Court does not have personal jurisdiction over Defendant Walker. Accordingly, based on the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiff's Motion to Assert Personal Jurisdiction is **DENIED**, and this case is **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: April 26, 2002

Paul A. Magnuson
United States District Court Judge

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

DATE MAILED TO COUNSEL/PRO SE PARTIES:

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make Additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.

C:\FORMS\APPEAL NO. CIV
Rev. August 11, 1995